WILLIAM A. CULPEPPER, Judge Pro Tern.
This is a personal injury action arising out of an automobile collision. Althea and David Thomas, individually and on behalf of their three minor children, and Clifton Arrington, Sr., individually and on behalf of his minor son, filed suit against Thaddeus Malbreaux and General Agents Insurance Company. The liability of the defendants was stipulated to prior to trial. The issue of quantum was tried to a six-person jury which awarded Althea Thomas $500, Dina, Daneen and David Thomas each $120, and Clifton Arrington, Jr. $50. The plaintiffs have appealed the judgment of the trial court asserting that the awards are inadequate. We amend in part and affirm as amended.
*123 FACTS
On November 6, 1984 Mrs. Thomas, Dina, Daneen and David Thomas and Clifton Arrington, Jr. were involved in an automobile collision at the intersection of Madeline Avenue and North University Avenue in Lafayette. A garbage disposal truck, operated by Thaddeus Malbreaux, failed to stop at the intersection and struck the Thomas vehicle on the left side. At the time of the collision, Dina occupied the front passenger seat, Daneen was in the back seat on the passenger side, David occupied the middle of the back seat and Clifton was seated behind the driver.
The force of the collision caused the Thomas vehicle to strike a stationary vehicle and shattered the back windshield. The shattered windshield fell into the car onto the heads of the children in the back seat. Mrs. Thomas was thrown into the steering wheel and Dina hit her head on the car window.
An ambulance, dispatched to the scene of the accident, administered first aid to the occupants of the Thomas vehicle and offered to transport them to a local hospital. Mrs. Thomas refused the ambulance transportation, telling the police officer that they would go to the hospital later if further treatment was needed. Mrs. Thomas and the children were seen later in the day at the emergency room of Lafayette General Hospital.
DAMAGES
The jury awarded Althea Thomas a total of $500, each of the Thomas children was awarded $120 and Clifton Arrington, Jr. was awarded $50. After careful review of the record, we conclude that the jury abused its discretion and made inadequate awards to Althea Thomas and Dina, Da-neen and David, Jr. In order to adjust the award we must apply the two-step procedure articulated in Franklin v. Oilfield Heavy Haulers, 478 So.2d 549 (La.App. 3d Cir.1985), writ denied, 481 So.2d 1330, 1331 (La.1986). This court in Franklin said:
“Under Reck v. Stevens, 373 So.2d 498 (La.1979), upon appellate review we may not disturb an award of general damages made at the trial court level without a finding of clear abuse of discretion and then only after abuse is shown through an articulated analysis and for articulated reasons. If a clear abuse is found, an appellate court may consider awards made in the past but only in the mass of them and not on the basis of selected past awards. This refinement of the rule stems from the holding of Coco v. Winston, 341 So.2d 332 (La.1977) construing the ‘much discretion’ given to the judge or jury by LSA-C.C. art. 1934(3). Under the holding of the latter case, after finding abuse of discretion, an appellate court is limited in raising awards only to the lowest point which is reasonably within the discretion of the trial court, or conversely to reducing an award to the highest point within reasonable discretion of the trial court.” Id. at 552, 553.
Accordingly, we will review the medical facts and testimony of the witnesses to show that the jury abused its discretion. The plaintiffs alleged that the accident caused certain injuries which entitled them to an award for their medical expenses and an award for pain and suffering. The jury’s award demonstrates that it found that the plaintiffs had sustained some damages, and we agree. However, the jury’s award to Mrs. Thomas and the Thomas children is inadequate as compensation for special and general damages.
Later in the day on November 6, Mrs. Thomas was examined in the emergency room at Lafayette General Hospital. She had complained of chest pain to the officer at the scene of the accident and x-rays were , taken of her chest, ribs and cervical spine. She testified that the attending physician prescribed a muscle relaxant, Tylenol and moist heat for the pain and aching. Her emergency room bill totaled $207. Each of the Thomas children was seen and treated for minor abrasions and contusions. Dina sustained a bump to the head. The bills for the children were $30 for each child. Mrs. Thomas was instructed to administer Tylenol for pain and moist heat for discomfort as they were needed by the children. She was also told to keep them *124 home from school for a day or two if necessary.
Mrs. Thomas consulted Dr. Joseph Tyler on November 20 relative to her complaints of soreness of the chest and back pain. Upon examination of Mrs. Thomas, Dr. Tyler found no objective symptoms of injury, only tenderness of the chest wall upon palpitation. Dr. Tyler’s diagnosis, based upon Mrs. Thomas’ history and complaints, was that she was suffering from a contusion to the chest wall and a low back sprain. He gave her an anti-inflammatory medication to be taken three times a day and instructed her to apply moist heat to the areas of pain. Dr. Tyler’s impression was that Mrs. Thomas would probably have a good recovery. The bill for Dr. Tyler’s services was $100. Mrs. Thomas did not return to see Dr. Tyler.
Dina, Daneen and David Thomas, Jr. were each seen on November 20 by Dr. Lawrence Christy. He examined Dina and found no pertinent physical findings. Dina related to Dr. Christy that she hit her head on the car door window. She complained of headaches and low back pain. Dr. Christy’s diagnosis was that Dina was suffering from post-traumatic headaches and a probable muscle sprain. Dr. Christy’s examination of Daneen revealed a healed abrasion and bruise of the left cheek. She complained of soreness in the shoulders. Dr. Christy’s diagnosis was a healed abrasion and bruised shoulders. David’s complaints to Dr. Christy were headaches and pain in the left shoulder. Dr. Christy found no objective symptoms of injury except for a healed abrasion of the left arm. Dr. Christy’s diagnosis was post-traumatic headache and a bruised shoulder. Dr. Christy prescribed Tylenol for pain and warm compresses for all of the Thomas children. Dr. Christy’s bill for services was $35 for each child.
Clifton, Jr. also saw Dr. Christy on November 15, complaining of pain in the right shoulder and in the back of his head. Dr. Christy’s examination revealed a healed abrasion of the right elbow. His diagnosis was post-traumatic headache and bruised right shoulder. Dr. Christy prescribed Tylenol for Clifton’s pain. Dr. Christy’s bill was $35.
We find that Althea Thomas is entitled to special damages of $307 and each of the Thomas children is entitled to their medical expenses of $65 each. We will now fix general damages at the lowest figure which was reasonably within the discretion of the jury.
Mr. and Mrs. Thomas both testified that as a result of the accident Mrs. Thomas was unable to perform her normal and customary duties in the household for approximately one to one and a half weeks. Mrs. Thomas testified that she rested in bed for about a week due to the aching and muscle soreness. Mr. and Mrs. Thomas testified that Mr. Thomas assumed the cooking and cleaning duties for his wife.
Mr. and Mrs. Thomas both testified that the children stayed home from school for two days after the accident and had become frightened and paranoid about traveling in an automobile. The children feared that they might be involved in another accident.
While some of the plaintiffs’ testimony concerned complaints of pain and disabilities unsubstantiated by medical evidence, it is reasonable to believe that Mrs. Thomas and the Thomas children did suffer some degree of temporary pain and discomfort though their injuries were of a minor nature.
Therefore, we conclude that the lowest award which was within the jury’s discretion for Althea Thomas’s general damages is $1000. We find that Dina, Daneen and David Thomas are entitled to an award of $300 each for their general damages. We will not disturb the award to Clifton Ar-rington, Jr., based upon a lack of evidence in the record to warrant a determination that the jury abused its discretion.
For the reasons assigned herein, the judgment of the trial court is amended to award Althea Thomas the sum of $1,307, to Althea Thomas and David Thomas, Sr., individually and on behalf of Dina Thomas, the sum of $365, to Althea Thomas and David Thomas, Sr., individually and on behalf of Daneen Thomas, the sum of $365, *125 and to Althea Thomas and David Thomas, Sr., individually and on behalf of David Thomas, Jr., the sum of $365. The judgment of the trial court is affirmed in all other respects. The costs of this appeal are assessed to the defendants-appellees.
AMENDED IN PART; AFFIRMED AS AMENDED.